IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE SLATTERY, <br><br> Plaintiff, <br><br> vs. <br><br> SAFECO INSURANCE COMPANY OF ILLINOIS, <br><br> Defendant. | Case No: 4:15-cv-1417 <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

COMES NOW, Diane Slattery ("Diane"), by and through attorney Christopher R. Dixon of The Dixon Injury Firm and for her cause of action against Safeco Insurance Company of Illinois ("Safeco") states as follows:

1. Plaintiff is a lawful residents of the State of Missouri.

2. Defendant Safeco Insurance Company of Illinois is organized under the laws of the state of Illinois.

3. Defendant Safeco is registered in the State of Missouri as Foreign Company, with its principal place of business located at 27201 Bella Vista Parkway, Warrenville, IL 02116.

4. Defendant Safeco accepts service of process through its registered agent CSC – Lawyers Incorporation Service Company, 221 Bolivar, Jefferson City, MO 65101.

5. Defendant Safeco maintains an agent and/or office to transact its usual and customary business within the City of St. Louis.

6. On or about March 25, 2011, Diane was operating her 2004 Chevy Malibu Southbound on Interstate 270.

7. On or about March 25, 2011, Stephanie Mayo was operating a 1996 Ford Thunderbird, owned by Timothy Becker, Southbound on Interstate 270.

8. On or about March 25, 2011, Stephanie Mayo made an improper lane change and crashed into Diane's vehicle.

9. Plaintiff Diane did nothing to cause, or contribute to cause the March 25, 2011 crash.

10. As a result of the March 25, 2011 crash, Diane was injured.

11. At the time of the crash on March 25, 2011, Timothy Becker carried liability insurance on the 1996 Ford Thunderbird, with Alpha Vision Insurance Corporation ("Alpha"), Policy Number: 276-0070478170, said policy providing $25,000 of liability coverage to the crash.

12. At the time of the injury, Diane was an insured under a policy of automotive insurance with Defendant Safeco.

13. At the time of the injury, Diane was a named insured on an automobile policy issued by Defendant Safeco, specifically Policy No: Z4380449.

14. The Safeco Insurance Policy No. Z4380449 was in force and effective on March 25, 2011.

15. On or about October 13, 2013, Alpha Vision Insurance Corporation offered their liability policy limits of $25,000 available under Policy Number: 276-0070478170 for the settlement of Diane's injury claim against Stephanie Mayo, Timothy Becker, and Alpha.

16. On or about January 3, 2014, Plaintiff requested Safeco Insurance Company of Illinois' permission to settle her injury cases against Timothy Becker, Stephanie Mayo and Alpha for the policy limits of $25,000.

17. On or about January 27th, 2014, Safeco, through their agent Jennifer Kindlesparger, authorized Plaintiff to settle her injury case against Timothy Becker, Stephanie Mayo and Alpha for the policy limits of $25,000.

18. On or about March 7, 2014, Diane executed a "SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS", which properly preserved Diane's ability to pursue an underinsured motorist and medical payments coverage claim against Safeco.

19. On or about March 10, 2014, Diane received the $25,000 payment from Alpha.

20. On or about April 17, 2014, Plaintiff sent Defendant Safeco an Underinsured Motorist Claim for Payment for the policy limits of the underinsured motorist benefits available under her Safeco Insurance Policy Number Z4380449.

21. The policy limits of underinsured motorist benefits available under the Safeco Insurance Policy Number Z4380449 applicable to this matter are $100,000.00.

22. On or about May 20th, 2014, Safeco offered $19,057.05 for the settlement of Diane's underinsured motorist claim.

23. On or about June 27, 2014, Safeco offered to pay $19,057.05 as partial settlement of Plaintiff's Underinsured Motorist Claim, while Plaintiff and Safeco litigate the remaining amount in controversy.

24. After the payment from Safeco for the partial settlement of Diane's Underinsured Motorist Claim of $19,057.05, the amount remaining in controversy herein is greater than $25,000.

25. Venue is proper here pursuant to 28 U.S. Code §1332.

## COUNT I –DIANE SLATTERY'S CLAIM FOR BREACH OF CONTACT FOR UNDERINSURED MOTORIST BENEFITS AGAINST DEFENDANT SAFECO INSURANCE COMPANY OF ILLINOIS

26. All prior paragraphs are hereby incorporated into this count as though fully set forth herein.

27. The declarations page relative to Policy No: Z4380449 indicates that Diane had purchased $100,000.00 in Underinsured Motorist Coverage and paid a premium to Safeco in return.

28. Pursuant to the terms of the "Additional Coverages" contained in Safeco Policy No.: Z4380449, Diane is an "insured".

29. Pursuant to the terms of the "Additional Coverages" contained in Safeco Policy No.: Z4380449, on March 25, 2011, the 1995 Ford Thunderbird involved in the collision and operated by Stephanie Mayo, was an "underinsured motor vehicle".

30. Pursuant to the terms of the "Additional Coverages" contained in Safeco Policy No.: Z4380449, Diane suffered "bodily injury' as a result of the motor vehicle collision occurring on March 25, 2011.

31. Pursuant to the terms of the "Additional Coverages" contained in Safeco Policy No.: Z4380449, the bodily injury that Diane suffered as a result of the motor vehicle collision occurring on March 25, 2011 with Stephanie Mayo arose from an "accident".

32. Diane has satisfied all conditions precedent prior to her claim for payment under her Underinsured Motorist Coverage to Defendant Safeco.

33. At some point, Defendant Safeco conducted an evaluation of Diane's claims.

34. Defendant Safeco concluded that Stephanie Mayo was negligent in the operation of the 1995 Ford Thunderbird on March 25, 2011.

35. Defendant Safeco concluded that Timothy Becker was negligent in his entrustment of his vehicle to Stephanie Mayo.

36. Defendant Safeco concluded that Stephanie Mayo's negligent operation caused injury to Diane.

37. Defendant Safeco concluded that Timothy Becker's negligent entrustment caused injury to Diane.

38. Prior to the crash on March 25, 2011, Diane was in good physical health.

39. Prior to the crash on March 25, 2011, Diane did not have any disability or injury to her cervical spine, lumbar spine, right breast, chest and/or right knee.

40. The negligence of Stephanie Mayo resulted in severe and permanent injuries to Diane's cervical spine, lumbar spine, right breast, chest and right knee.

41. The negligence of Stephanie Mayo resulted in Diane having to undergo surgery to her right breast.

42. The negligence of Timothy Becker resulted in severe and permanent injuries to Diane's cervical spine, lumbar spine, right breast, chest and right knee.

43. The negligence of Timothy Becker resulted in Diane having to undergo surgery to her right breast.

44. Diane's plastic surgeon has recommended that Diane will need to undergo another surgery to her right breast in the future.

45. Due to the negligence of Stephanie Mayo, Diane is consistently plagued by pain in the neck, back, chest, right knee, and right breast.

46. Due to the negligence of Timothy Becker, Diane is consistently plagued by pain in the neck, back chest, right knee, and right breast.

47. Defendant Safeco has denied Diane's UIM Claim for Payment for the full policy limits of the underinsured motorist coverage available under Safeco Policy No.: Z4380449.

48. As a result of the March 25, 2011 collision, Diane has incurred and will incur medical expenses, lost wages, and general emotional distress and suffering.

WHEREFORE, Plaintiff prays judgment against Defendant Safeco Insurance Company of Illinois in an amount over Twenty-Five Thousand Dollars ($25,000.00) in such sum which is fair and reasonable, for prejudgment interest thereon, for Plaintiff's costs and attorney's fees incurred and expended herein, of which the total combined amount being sought will be over Twenty-Five Thousand Dollars ($25,000.00), and for such other and further relief deemed appropriate under the circumstances.

### COUNT II – VEXATIOUS REFUSAL TO PAY AGAINST DEFENDANT SAFECO INSURANCE COMPANY OF ILLINOIS

49. Plaintiff reasserts and incorporates all preceding paragraphs by reference as if fully set forth herein.

50. When a Safeco insured makes a claim for underinsured motorist benefits, Defendant Safeco has a responsibility to treat its insureds fairly.

51. When a Safeco insured makes a claim for underinsured motorist benefits, Defendant Safeco has a responsibility to consider an insured's claim promptly.

52. When a Safeco insured makes a claim for underinsured motorist benefits, Defendant Safeco has a responsibility to pay an insured the full value at which it values his or her claim.

53. When a Safeco insured makes a claim for underinsured motorist benefits, Defendant Safeco has a responsibility to put its insureds own financial interests ahead of its own.

54. When handling a claim for underinsured motorist benefits, Defendant Safeco must comply with RSMo. 375.1007.

55. When handling a claim for underinsured motorist benefits, Defendant Safeco must comply with Chapter 1 of 20 CSR 100, entitled Improper or Unfair Claims Settlement Practices.

56. When handling a claim for underinsured motorist benefits, Defendant Safeco is required to assist its insured in the filing of any claim.

57. When handling a claim for underinsured motorist benefits, Defendant Safeco is required to fully disclose all pertinent benefits and insurance policies.

58. On October 16, 2013, counsel for Diane sent a letter and email respectively to Defendant Safeco, which in part, requested that Safeco forward copy of Diane's declarations pages stating the policy limits of Ms. Slattery's UIM Coverage, as counsel for Plaintiff was not in possession of same.

59. Defendant Safeco did not provide a substantive answer within ten working days.

60. On April 17, 2014, Diane, through her attorney, sent a claim for payment under her UIM coverage to Safeco.

61. On May 20th, 2014, Defendant Safeco offered $19,057.05 to settle Diane's UIM claim.

62. Prior to offering the $19,057.05, Defendant Safeco received and reviewed Diane's claim for payment and supporting materials which were sent on April 17, 2014 and May 6, 2014.

63. Prior to offering the $19,057.05, Defendant Safeco assigned a value to Diane's claim.

64. The value that Defendant Safeco assigned to Diane's claim was not limited to $19,057.05.

65. Rather, Defendant Safeco assigned a value range to Diane's claim.

66. Defendant Safeco assigned a value to Diane's claim that exceeds the $19,057.05 which was offered.

67. On May 20th, 2014, Defendant Safeco sent a letter to counsel for Diane which requested to know if Diane had a "counter demand".

68. On May 28th, 2014, Defendant Safeco sent a letter to counsel for Diane which stated that Safeco "would like to work out a settlement agreement on Mrs. Slattery's injury claim, however, I do not have it valued anywhere your demand of policy limits". The letter then requested counsel for Diane to "speak with your client regarding a more reasonable demand so we can attempt to reach an agreement".

69. To date, Defendant Safeco has refused to inform Diane or her attorney the range at which it values her loss.

70. To date, Defendant Safeco has refused to offer Diane the full amount at which it values her loss.

71. These refusals on the part of Defendant Safeco are without good reason and add substantial delay to the resolution of Diane's claim for benefits under her UIM coverage.

72. Additionally, on May 20, 2014, Diane, through counsel, sent Defendant Safeco a letter which inquired, among other things, as to whether Defendant Safeco was deeming any portion of Diane's medical treatment submitted as unrelated to her March 25, 2011 crash, and why.

73. Defendant Safeco's May 20th, 2014 response, in no way provides and answer to this specific question.

74. Again on May 28th, 2014, Diane, through counsel sent Defendant Safeco a letter requesting Defendant Safeco's maximum amount at which they valued Ms. Slattery's claim, and requested to know if Safeco is offering that amount.

75. Defendant Safeco's May 28, 2014 response fails to provide a response to this question, and instead seeks to know if Plaintiff will reduce her demand so the parties may reach an agreement.

76. To date, Safeco has failed to offer guidance as to what specific questions it has relative to Diane's injury, current condition, future treatment recommendations, and prognosis.

77. The totality of Safeco's actions evidence not only a breach of contract, but also a vexatious refusal and delay to accept Plaintiff's claim for payment as further evidenced by Safeco's breach of the implied duty of good faith and fair dealing, violations of RSMo. 375.1007, and violations of Chapter 1 of 20 CSR 100.

WHEREFORE, Plaintiff Diane Slattery prays for a judgment against Defendant Safeco Insurance Company of Illinois, for an additional amount as a penalty not to exceed twenty percent (20%) of the first $1,500.00 of Plaintiff's damages, ten percent (10%) of the remainder of such award, interest thereon as provided by RSMo. § 375.296 and § 375.420, and for an award to Plaintiff of a reasonable sum for attorney's fees, for Plaintiff's costs incurred and expended herein, of which the total combined amount being requested will be over Twenty-Five Thousand Dollars ($25,000.00), and for such other and further relief deemed appropriate under the circumstances.

Respectfully submitted,

**THE DIXON INJURY FRIM**

By   /s/ Christopher R. Dixon
Christopher R. Dixon, #60011
*Attorneys for Plaintiff*
9666 Olive Boulevard, Suite 690
St. Louis, Missouri 63132
T: (314) 282-5905
F: (314) 627-5968
D: (314) 409-7060
Email: chris@dixoninjuryfirm.com
www.TheDixonInjuryFirm.com